United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAYLA N.,[1] | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § No. 4:24-cv-1099 |
| | § |
| MARTIN O'MALLEY, | § |
| Acting Commissioner of Social Security, | § |
| | § |
| *Defendant.* | § |

## MEMORANDUM AND ORDER

Plaintiff Kayla N. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). This case comes before the Court on review of the Social Security Administration ("SSA") Commissioner's decision that Plaintiff, then a minor[2] whom the Commissioner previously found to be disabled, subsequently experienced medical improvement in her condition and no longer qualified for child's supplemental security income ("SSI") under title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1382c.[3]

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] Plaintiff turned eighteen on January 12, 2024, before filing the instant case. ECF No. 10 at 1.

[3] On April 18, 2024, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 5.

The parties filed cross motions for summary judgment. Pl.'s MSJ, ECF No. 10; Def.'s MSJ, ECF No. 13. Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that the ALJ's finding of medical improvement was not supported by substantial evidence, improperly discounted Plaintiff's and her mother's testimony as inconsistent with the record, and improperly considered Plaintiff's part-time earnings. ECF No. 10. Commissioner counters that the ALJ's decision is supported by substantial evidence, and the ALJ properly considered the hearing testimony and Plaintiff's part-time earnings. ECF No. 13. Based on the briefing, the record, and the applicable law, the Court finds that ALJ's decision is supported by substantial evidence and Plaintiff has failed to demonstrate harm from the alleged errors. Thus, the Court denies Plaintiff's motion for summary judgment, grants Commissioner's motion for summary judgment, and affirms the ALJ's decision.

## I.     BACKGROUND

Plaintiff was born on January 12, 2006. R. 14, 267.[4] Plaintiff's mother originally filed her SSI application on June 7, 2011, alleging that at five years old, Plaintiff was disabled due to Attention-Deficit Disorder ("ADD"), Attention-Deficit/Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD"). R. 97, 99, 267–75. The SSA determined Plaintiff was disabled as of

---

[4] "R." citations refer to the electronically filed Administrative Record, ECF No. 7.

March 24, 2011. R. 14, 97–105. On December 15, 2016, in a continuing case review, the SSA determined that Plaintiff was still disabled. R. 13, 115.

On July 21, 2022, after a hearing where Plaintiff and her mother testified, R. 79–95, the ALJ affirmed State Agency doctors' determination that Plaintiff was no longer disabled as of September 30, 2020. 115–36. On January 17, 2023, the Appeals Council remanded the decision for additional proceedings because the ALJ evaluated the opinion evidence according to the current rules instead of the prior rules. R. 144.

On remand, the ALJ again held a hearing where Plaintiff and her mother appeared. R. 67. Plaintiff did not have an attorney represent her. R. 67. Plaintiff and her mother testified. R. 67–78. On June 9, 2023, Commissioner again determined that Plaintiff was no longer disabled as of September 30, 2020, and had not become disabled again since that date. 10–24. In the decision, the ALJ utilized the three-step analysis used to determine whether a child continues to be disabled, which is explained in greater detail below. R. 10–13 (citing 20 C.F.R. § 416.994a(b)). At step one, the ALJ determined that as of September 30, 2020, Plaintiff's conditions had medically improved since December 15, 2016, the date of the most recent medical decision that found Plaintiff continued to be disabled, also known as the "comparison point decision" ("CPD"). R. 13–14. At the time of the CPD, Plaintiff had the medically determinable impairments of ADHD and ODD, which were found

3

to functionally equal the listings: 20 C.F.R. §§ 416.924(d) and 416.926a. R. 14. At step two, the ALJ found that Plaintiff's impairments as of the CPD date, have not met, medically equaled, or functionally equaled the listings since September 30, 2020. R. 14–22.[5] At step three, the ALJ determined that Plaintiff's disability ended on September 30, 2020, and Plaintiff has not become disabled again since that date. R. 23.[6]

The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision. R. 1–6. Plaintiff now seeks judicial review of that decision pursuant to 42 U.S.C §§ 405(g) and 1382(c)(3). ECF No. 1.

## II.   STANDARD OF REVIEW OF COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a

---

[5] At Step Two, in accordance with the applicable SSA regulations, *see* 20 C.F.R. § 416.926a, the Commissioner evaluated six applicable domains of functionality, finding: (1) no limitation in Acquiring and Using Information; (2) less than marked limitation in Attending and Completing tasks; (3) less than marked limitation in Interacting and Relating with Others; (4) no limitation in Moving About and Manipulation of Objects; (5) no limitation in Caring for Yourself; and (6) no limitation in Health and Physical Well-Being. R. 18–22. As a result, the ALJ concluded "since September 30, 2020, the claimant's impairments present at the CPD have not resulted in either 'marked' limitation in two domains of functioning or 'extreme'" limitation in one domain of functioning. Consequently, these impairments have not functionally equaled the listings since September 30, 2020." R. 22.

[6] Specifically, the ALJ found that the record established that Plaintiff did not have an impairment at the CPD that was not considered at that time and had not developed any additional impairments subsequent to the CPD; since September 30, 2020, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. §§ 416.925 and 416.926; and since September 30, 2020, Plaintiff has not had an impairment or combination of impairments that functionally equals the listings, 20 C.F.R. §§ 416.924(d) and 416.926a. R. 23.

party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of Commissioner, even if the evidence preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for Commissioner's decision and involves more than a search for evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818,

822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III.   SUPPLEMENTAL SECURITY INCOME UNDER THE ACT.

The Act permits Supplemental Security Income ("SSI") payments to the aged, blind, and disabled to assure that their income does not fall below the poverty line. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.110. Applicants must prove "disability" under both sections. *See* 42 U.S.C. § 1382c(a)(3)(A).

"Disability" is defined as being "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). "The suffering of some impairment does not establish disability;

a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)).

## IV. CHILDHOOD DISABILITY CLAIMS UNDER THE ACT.

A child who has been found disabled must periodically undergo a continuing disability review to determine if she is still eligible for disability benefits. 20 C.F.R. § 416.994a(a). To determine whether a claimant under the age of 18 continues to be disabled, the ALJ uses a three-step evaluation process. *See id.* § 416.994a(b).

First, the ALJ decides whether there has been medical improvement in the impairments that the claimant had at the time of the most recent favorable determination or decision. *Id.* § 416.994a(b)(1). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable decision that [she was] disabled or continued to be disabled." *Id.* § 416.994a(c). If there has been no medical improvement, the ALJ will find the claimant's disability continues; if there has been medical improvement, the ALJ proceeds to the second step. *Id.* § 416.994a(b)(1).

At the second step, the ALJ evaluates whether the impairment(s) upon which the prior disability finding was based still meet(s) or equal(s) any listing met or equaled in the prior disability determination or still functionally equal the listings. *Id.* § 416.994a(b)(2). There is a finding of functional equivalence if there are marked

limitations in two of the domains, or an extreme limitation in one domain. *Id.* § 416.926a(d).[7] If the claimant's impairments continue to medically meet or equal this listing or functionally equal the listings, the Commissioner will find her disability continues; if her impairments no longer meet or equal this listing or functionally equal the listings, the ALJ proceeds to the third step.

At the third step, the ALJ considers all the claimant's impairments, including any new impairments not present or considered in the prior disability finding, and evaluates whether the claimant is disabled under the rules in 20 C.F.R. § 416.924(c) and (d). 20 C.F.R. § 416.994a(b)(3). The ALJ first determines whether the claimant has a severe impairment or combination of impairments. *Id.* § 416.924(c). If the claimant does not have a severe impairment or combination of impairments, the ALJ will find her disability has ended; if she has a severe impairment or combination of

---

[7] The six domains are: (1) **Acquiring and using information**: How well the child acquires or learns information, and how well the child uses the information learned; (2) **Attending and completing tasks**: How well the child is able to focus and maintain attention, how well the child begins, carries through, and finishes activities, including the pace at which activities are performed and the ease with which he/she changes them; (3) **Interacting and relating with others**: How well the child initiates and sustains emotional connections with others, develops and uses the language of his/her community, cooperates with others, complies with rules, responds to criticism, respects others, and takes care of the possessions of others; (4) **Moving about and manipulating objects**: How well the child moves his/her body from one place to another, and how well the child moves and manipulates things; (5) **Caring for him/herself**: How well the child maintains a healthy emotional and physical state, including how well he/she meets his physical and emotional wants and needs in appropriate ways, as well as how well the child copes with stress and changes in his/her environment and takes care of his/her health, possessions, and living areas; (6) **Health and physical well-being**: The cumulative physical or mental effects of impairments and their associated treatments or therapies. The ALJ, when making the above assessment, must compare how appropriately, effectively, and independently the claimant performs in each domain with children of the same age who do not have impairments. 20 C.F.R. § 416.926a(b).

impairments, the evaluation process continues. *Id.* § 416.924(c). The ALJ then evaluates whether the claimant's impairment(s) meet or medically equal a listing or functionally equal the listings. *Id.* § 416.924(d). If so, the ALJ will find her disability continues; if her impairments do not meet or medically equal a listing or functionally equal the listings, the ALJ will find her disability has ended. *Id.*

"Even though the burden of proving disability is on the claimant, 'once evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged.'" *Willis o/b/o M.A.M.S. v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-170-P, 2022 WL 412022, at *3 (N.D. Tex. Jan. 24, 2022), *adopted*, No. 4:21-CV-0170-P, 2022 WL 409708 (N.D. Tex. Feb. 10, 2022) (quoting *Smith v. Comm'r of Soc. Sec.*, No. 3:16CV212-RP, 2017 WL 2292795, at *2 (N.D. Miss. May 24, 2017) (quoting *Buckley v. Heckler*, 739 F.2d 1047, 1049))). "In other words, once benefits have been awarded, the claimant is afforded a 'presumption of continuing disability that requires the Secretary to provide evidence' that the claimant's condition has improved." *Id.* (quoting *Smith*, 2017 WL 2292795, at *2 (quoting *Taylor v. Heckler*, 742 F.2d 253, 255 (5th Cir. 1984))). "The Commissioner must also weigh the facts that formed the basis for the prior determination of disability with the Commissioner's new evidence and any additional evidence submitted by the claimant." *Id.* (quoting *Smith*, 2017 WL 2292795, at *2).

## V.   COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises three arguments in support of her request for remand. Plaintiff argues that the ALJ erred in finding her and her mother's testimonies were not entirely consistent with the objective evidence. ECF No. 10 at 7. Plaintiff also argues that the ALJ erred in reasoning that Plaintiff's part-time earnings contributed to medical improvement. *Id.* Finally, Plaintiff argues that the ALJ's finding of medical improvement is not supported by substantial evidence. *Id.* The Court does not find any of the raised issues justify remand.

### A.   The ALJ Properly Considered the Hearing Testimony.

The ALJ found that Plaintiff's and her mother's statements concerning the intensity, persistence, and limiting effects of Plaintiff's impairments were not entirely consistent with the objective evidence—Plaintiff argues that this finding was erroneous because the record contained objective medical evidenced that reflected no improvement in Plaintiff's medical conditions, on which the ALJ did not rely. *Id.* at 10–11. Plaintiff recounts several portions of the record and argues "[t]he ALJ's decision does not indicate he was aware of these findings." *Id.* at 11–12.[8]

---

[8] Along the same line, Plaintiff also contends that the ALJ "err[ed] in finding that medical improvement exists based on [Plaintiff's and her mother's indications regarding Plaintiff's activities and abilities]" and again failed to "recognize that the record indicates much evidence that does not indicate medical improvement." ECF No. 10 at 9. Plaintiff proceeds to cite to instances in the record allegedly demonstrating that she did not medically improve. ECF No. 10 at 9–10. In making this argument, Plaintiff essentially asks the Court to reweigh the evidence and substitute its judgment for that of the ALJ, which the Court is forbidden to do. *See Salmond v. Berryhill*, 892

The ALJ summarized Plaintiff's and her mother's statements and found based on the record evidence—including Plaintiff's treatment notes, daily activities, and earnings records—that her medically determinable impairments could reasonably be expected to produce some of her alleged symptoms, but the statements concerning the intensity, persistence and limiting effects of symptoms were not entirely consistent with the objective evidence. R. 15–17.

In explaining this finding, the ALJ acknowledged that treatment records since the CPD from Legacy Fifth Ward Behavioral Health showed that Plaintiff remained hyperactive, refused to complete work, and struggled with maintaining focus, but also showed that Plaintiff's mother repeatedly refused recommended counseling and that with mental health treatment, the behavior issues stopped. R. 16. The ALJ noted that these treatment records also showed that Plaintiff's medication works well without side effects and that Plaintiff does well in school as shown by her A and B grades, honor roll status, and friends. R. 16. The ALJ also observed that these records showed normal findings, such as adequate hygiene, good eye contact, politeness, proper responsiveness, and appropriate, pleasant behavior. R. 16. The ALJ decided that this evidence "d[id] not support [Plaintiff's] allegations of disabling symptomology from her [ADHD] and [ODD]." R. 17.

---

F.3d 812, 819 (5th Cir. 2018) ("We are careful not to "reweigh the evidence or substitute our judgment" for that of the ALJ.").

The ALJ continued that Plaintiff's daily activities of household chores, passing her classes without repeating any grades, and part-time work earnings of $2,200 were "inconsistent with the level of disabling symptomology that she alleges." R. 17. The ALJ noted that records indicate Plaintiff's disruptive behavior only occurs after she finishes her schoolwork. R. 17. Again, the ALJ confirmed that the "overall evidence" was inconsistent with Plaintiff's and her mother's statements about the intensity, duration, and persistence of Plaintiff's symptoms. R. 17.

"The ALJ's credibility determination must be based on a consideration of the entire record, including medical signs and laboratory findings, and statements by the claimant and [her] treating or examining sources concerning the alleged symptoms and their effects." *Ward v. Colvin*, No. CV G-15-095, 2016 WL 3919665, at *6 (S.D. Tex. Feb. 29, 2016), *adopted*, No. 3:15-CV-95, 2016 WL 3855871 (S.D. Tex. July 15, 2016) (citing 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *2).[9] Although the ALJ must give specific reasons for his credibility determination, the Fifth Circuit has explicitly rejected the requirement that an ALJ "follow

---

[9] The ALJ must also consider a non-exclusive list of seven relevant factors in assessing the credibility of a claimant's statements, which include: "(1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, for relief of pain or other symptoms; (6) measures other than treatment the claimant uses to relieve pain or other symptoms (e.g., lying flat on his or her back); and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms." *Id.* (quoting 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *2).

formalistic rules" when assessing subjective complaints. *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir. 1994); *Prince v. Barnhart,* 418 F.Supp.2d 863, 871 (E.D. Tex. 2005). "The ALJ's evaluation of the credibility of subjective complaints is entitled to judicial deference." *Ward*, 2016 WL 3919665, at *6 (citing *Carrier v. Sullivan,* 944 F.2d 243, 247 (5th Cir. 1991); *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001); *Falco,* 27 F.3d at 164 n. 18 (5th Cir. 1994) (the ALJ is in the best position to assess a claimant's credibility since he "enjoys the benefit of perceiving first-hand the claimant at the hearing")).

Here, the ALJ expressly acknowledged Plaintiff's and her mother's testimony and appropriately considered many legitimate and relevant factors that weighed against their credibility. The ALJ considered the testimony against the objective treatment records that demonstrated that Plaintiff's ADHD and ODD were controlled with medication and mental health treatment and that Plaintiff's disruptive behavior typically took place after she finished her schoolwork, which she completed for A and B grades without repeating a grade level. The ALJ also considered Plaintiff's daily activities of completing chores and schoolwork, at the same time as working a part-time job. In sum, the ALJ's credibility determination appropriately addressed the record evidence and followed the requisite law. It is therefore entitled to deference. The Court will not submit its judgment for the ALJ's in light of Plaintiff's arguments and cited evidence that Plaintiff claims supports a

different result. *See Ward*, 2016 WL 3919665, at *7 (citing *Undheim v. Barnhart*, 214 F. App'x 448, 2007 WL 178062 (5th Cir. Jan. 19, 2007) (opinion as a whole gave sufficient reasons and documentation for the ALJ's credibility determination)).

Also under this section, Plaintiff raises an issue with the ALJ's determination that State Agency physician, Dr. Schade's report supports a finding that Plaintiff is no longer disabled because Dr. Schade's report has blank spaces in marking limitations in each of the six domains. ECF No. 10 at 13. Plaintiff contends that the ALJ had a duty to develop the record by getting a completed report from Dr. Schade. *Id.* at 14.[10] Commissioner acknowledges that Dr. Schade did not check the boxes on his evaluation form but argues that his "notations provide greater evidentiary support than just checkbox opinions on Plaintiff's limitations." ECF No. 13 at 11.

The ALJ analyzed Dr. Schade's opinion, as follows:

> the record also includes the February 2021 opinion of Dr. Schade, who reviewed the evidence of record and also indicated that the claimant's impairments do not functionally equal the listings (Exhibit 7F). Dr. Schade's opinion is supported by specific evidentiary examples and is generally consistent with not only the medical evidence of record but

---

[10] Plaintiff also asserts that the ALJ failed evaluate the persuasiveness of Dr. Schade's opinion according to 20 C.F.R. § 416.927. ECF No. 10 at 14. Aside from quoting case law, Plaintiff only offers the unsupported argument that the ALJ did not perform the requisite analysis. Plaintiff's argument is waived for inadequate argument and authority. *See Francisco E. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-3231-L-BK, 2023 WL 2450160, at *4 (N.D. Tex. Jan. 27, 2023), *adopted sub nom. Esparza v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-3231-L-BK, 2023 WL 2160354 (N.D. Tex. Feb. 22, 2023) ("Here, Plaintiff cites no case law and generally refers to only one sentence in the ALJ's opinion. By doing so, he has waived the issue.") (citing *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing.")).

  also the claimant's work activity and her admitted and indicated activities and abilities. Accordingly, this opinion is given great weight.

R. 17. The ALJ noted that "[t]he determination that medical improvement occurred is supported by the respective September 2020 and February 2021 opinions of Sallie Boulos-Sophy, Ph.D., and Mark Schade, Ph.D., who reviewed the evidence of record and indicated that the claimant's impairments do not functionally equal the listings as they cause no more than less than marked limitation in any of the six childhood domains." R. 14. The ALJ also cited to Drs. Boulos-Sophy and Schade as support for finding that Plaintiff has no limitation in acquiring or using information, R. 18, less than marked limitation in attending and completing tasks, R. 19, no limitation in moving about and manipulating objects, R. 21, no limitation in the ability to care for herself, R. 22, and no limitation in health and physical well-being, R. 22.[11]

  Dr. Schade's opinion consists of one comment repeated twice throughout the report: "[claimant] currenting receiving Tx through Legacy community. On Vynanse and mother reports doing well when on medication. Clmt is passing all her classes. Currently online school. 12/14 exam notes clmt does well with instruction when taking medication. MSE notes varied cooperation, speech normal, mood pleasant insight and judgment good. Overall MI noted." R. 540, 543. Dr. Schade did not fill

---

[11] In finding Plaintiff had a less than marked limitation in her ability to interact and relate with others, the ALJ followed Dr. Boulos-Sophy's opinion and discounted Dr. Schade's opinion that she had no limitation in this domain. R. 20.

out the rest of the check-the-box questionnaire,[12] which asks about nearly every step of the analysis for determining childhood disability and requests narrative explanation for each selection. R. 538–43. If he intended to rely on this opinion, the ALJ should have supplemented the record with a complete medical opinion from Dr. Schade, and not a regurgitation of other medical records—although Dr. Schade arguably provides an opinion regarding medical improvement, he failed to provide the opinions that the ALJ relied on, *e.g.* the degree of limitation for each of Plaintiff's domains.

However, the ALJ's failure to fully develop the record warrants remand only if the plaintiff is prejudiced by that failure *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). Here, Plaintiff has failed to demonstrate harm from this error. *See* ECF No. 10 at 12–14. The ALJ relied on other unobjected-to medical opinions in reaching each of his medical improvement and domain findings. It is unclear from Plaintiff's

---

[12] "The use of such checklist forms is generally viewed with disfavor among the federal courts of appeals and district courts within the Fifth Circuit when the forms are not adequately supported by any narrative citations to clinical findings." *Sabahat H. v. Kijakazi*, No. 4:22-CV-4243, 2024 WL 922781, at *6 (S.D. Tex. Mar. 4, 2024) (citing *Ray v. Comm'r of Soc. Sec.*, No. 4:21-CV-1709, 2022 WL 3566844, at *4–5 (S.D. Tex. Aug. 17, 2022) (citing *Brown v. Astrue*, No. 11-2919, 2013 WL 620269, at *6 (E.D. La. Jan. 18, 2013); *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating doctor's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination..."); *Dabbs v. Astrue*, No. 3:11-CV-03145-BF, 2012 WL 2343902, at *9 (N.D. Tex. June 20, 2012) (finding that the ALJ properly rejected a checkbox questionnaire after examining plaintiff for fifteen minutes); *Segovia v. Astrue*, No. H-11-0727, 2012 WL 948815, at *16–17 (S.D. Tex. Mar. 2, 2012) (finding that the ALJ properly rejected the opinion of a treating physician who marked answers next to pre-printed findings on a form), *adopted*, 2012 WL 951543 (S.D. Tex. Mar. 19, 2012)).

briefing how this supplement would have established greater limitations than those the ALJ found. Therefore, this error is not harmful. *See Strothers v. Kijakazi*, No. 3:21-CV-00129, 2022 WL 2193300, at *3 (S.D. Tex. June 17, 2022) (finding ALJ's erroneous reliance on a flawed medical opinion was harmless error because "[t]his is not a situation where the ALJ relied upon only one medical opinion."); *see also Low v. Saul*, No. 4:19-CV-0167, 2020 WL 13430051, at *4 (S.D. Tex. May 20, 2020), *adopted sub nom. Lowe v. Saul*, No. CV H-19-0167, 2020 WL 13430052 (S.D. Tex. June 30, 2020) ("Lowe has not shown that updated medical evidence would prove greater limitations than those found by the ALJ.") (citing *Carey*, 230 F.3d at 142)).

**B.     The ALJ Properly Considered Plaintiff's Part-Time Work.**

Plaintiff also argues that the ALJ improperly considered her part-time earnings in assessing medical improvement. Specifically, Plaintiff asserts that because medical improvement is a decrease in the impairment's medical severity based on changes in symptoms, signs, and/or laboratory findings, the ALJ should not have relied on Plaintiff's part-time work. ECF No. 10 at 15.

The ALJ considered Plaintiff's part-time earnings in finding she medically improved as of September 30, 2020. The ALJ noted that "earnings records detail[ing] her ability to work part time," in addition to opinion evidence, "treatment notes, examination findings, and the claimant and her mother's indications regarding

17

the claimant's activities and abilities," namely, "that she achieved the honor roll in school," all "establish[ed] that her impairments no longer caused marked limitation in the domains of acquiring and using information and attending and completing tasks." R. 14. Also, as discussed above, the ALJ relied on the part-time earnings, in addition to treatment records and daily activities, as a basis to find that the hearing testimony about the intensity, duration, and persistence of Plaintiff's symptoms was inconsistent with the overall record. R. 17.

The ALJ properly considered evidence of Plaintiff's part-time job because the ALJ did not base his decision that Plaintiff was medically improved solely on her earnings records, but also considered treatment notes, examination findings, daily activities, and the opinion evidence. *See Garza v. Astrue*, No. 3:11-CV-3545-G-BN, 2013 WL 796727, at *6 (N.D. Tex. Feb. 7, 2013), *adopted*, No. 3:11-CV-3545-G BN, 2013 WL 818723 (N.D. Tex. Mar. 5, 2013) ("While the comments in the record regarding Plaintiff's daily activities were properly considered by the ALJ, without more they do not support a finding of medical improvement.") (citing *Griego v. Sullivan,* 940 F.2d 942, 945–46 (5th Cir.1991) (finding it appropriate to consider claimant's daily activities in determining medical improvement when decision was *also* based on *substantial* medical reports)); *Hilaire v. Comm'r of Soc. Sec.,* 2016 WL 7447554 (M.D. Fl. Feb. 10, 2016) (citing *Melton v. Apfel*, 181 F.3d 939, 941

(8th Cir. 1999) (noting the claimant's part-time work as evidence devaluing subjective complaints)).[13] This issue does not require remand.

C. **Plaintiff Failed to Show that the ALJ's Finding of Medical Improvement Is Not Supported by Substantial Evidence.**

Plaintiff asserts as a separate point of error that the ALJ's finding of medical improvement is not supported by substantial evidence, but then fails to support this issue with any argument. Plaintiff merely quotes from the ALJ's written decision and then quotes the definition of "medical improvement" and responsive regulations. ECF No. 10 at 8–9. Insofar as Plaintiff intended this to be an issue decided separately from the above discussed points, she fails to explain her conclusory assertion about the ALJ's finding or how the quoted regulations apply to her case. Accordingly, if Plaintiff intended this as an independent argument, it is waived for inadequate analysis and authority. *See Francisco E.*, 2023 WL 2450160, at *4 (citing *Nichols*, 495 F.3d at 190).

Notwithstanding Plaintiff's waiver, the Court finds that the ALJ utilized the applicable authority and considered the entirety of the record in ultimately finding that Plaintiff was no longer disabled as of her CPD date. Furthermore, as pointed out in the Commissioner's detailed brief, the ALJ supported this decision and each step

---

[13] Moreover, Plaintiff argues that the ALJ needed to supplement the record with additional information about her employment, but it is unclear from her briefing why this information was necessary. Although she presents the questions she wanted asked, she fails to demonstrate how the answers to those questions, which she does not provide, would have led to a different outcome in this case, and therefore, fails to establish any harm. *See Low*, 2020 WL 13430051, at *4.

of analysis with adequate record cites, namely Plaintiff's medical records, daily activities, part-time earnings, and the record's opinion evidence. The ALJ's decision is supported by substantial evidence.

## VI.  CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 10, is **DENIED**. Commissioner's motion for summary judgment, ECF No. 13, is **GRANTED**. The ALJ's decision denying benefits is **AFFIRMED**.

Signed at Houston, Texas, on February 25, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**